**SO ORDERED: September 25, 2007.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DANIEL L. LUEBBEHUSEN d/b/a | ) | CASE NO. 04-72190-BHL-7 |
| LUEBBEHUSEN INSURANCE, | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| BETTY HOPF, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | ADV. NO. 05-7004 |
| | ) | |
| DANIEL L. LUEBBEHUSEN d/b/a | ) | |
| LUEBBEHUSEN INSURANCE, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter comes before the Court on a **Motion for Clarification of Agreed Entry** filed by the Defendant, Daniel L. Luebbehusen ["Luebbehusen"] on May 30, 2007. The **Plaintiff's Response to Defendant's Motion for Clarification** was filed on June 5, 2007, and a hearing was held on July 18, 2007. The controversy, more specifically, arises out of the construction of an Agreed Entry ["Agreed Entry"] resolving this adversary proceeding together with a Conditional Release Agreement ["CRA"] previously entered into between the parties.

Facts

The facts of this dispute are uncontested and are recited in some detail in the CRA. Basically, Luebbehusen sold securities to the Plaintiff, Betty A. Hopf ["Hopf"], without a license to do so and made false representations at the time of the sale. In 2001, in order to resolve the ensuing dispute, Luebbehusen agreed to pay Hopf the sum of Thirty Eight Thousand Dollars ($38,000.00) plus interest at Eight Percent (8%) in monthly installments of One Thousand Dollars ($1000.00) and they memorialized such terms in the CRA.  Luebbehusen apparently made the payments for some period of time but eventually defaulted and filed for bankruptcy in 2004.  Hopf filed the instant adversary proceeding seeking to have her debt declared nondischargeable.  The parties ultimately settled this adversary proceeding with the Agreed Entry which was filed on February 2, 2005 and approved by the Court by an Order dated February 22, 2005.  Both the Agreed Entry and the Order approving it contain language that "the debt of Daniel Luebbehusen d/b/a Luebbehusen Insurance due to Betty A. Hopf in the sum of $25,888.32 is a non-dischargeable debt pursuant to the terms of 11 USC § 523(a)(19), and that the Conditional Release Agreement, attached to and filed with the Agreed Entry on February 2, 2005, shall be deemed a valid and enforceable agreement in all respects."

The dispute has been resurrected by Luebbehusen's post-bankruptcy default in payments. Both parties agree that the balance of the $25,888.32 is due and owing.  Hopf asserts that, pursuant to the language of the CRA, attorney fees, paralegal fees, and litigation costs incurred prior to the execution of the Agreement, incurred in policing the Agreement, as well as those incurred in the subsequent litigation are also due and survived the discharge in bankruptcy.

Discussion

Initially, it must be observed that the language of the Agreed Entry is, at best, ambiguous,

and is more likely, self-contradictory. It states that the sum of $25,888.32 is a nondischargeable debt but also states that the CRA is deemed valid and enforceable "in all respects". How is that possible? Luebbehusen had breached the agreement prepetition and, under the terms of the CRA, the "release" in Paragraph 2 had no force and effect. In other words, he had not complied with the conditions necessary to receive the release. Attorney fees, paralegal fees, and litigation costs were also due and owing to Hopf because of the breach. It seems apparent then that when the parties entered into the Agreed Entry, they intended to modify some of the provisions of the CRA. In resolving ambiguities that might exist in multiple writings, that are part of the same transaction, the writings should be interpreted as a whole, giving effect to the language in both documents, when possible. Restatement.(Second) of Contracts § 202 (1981). The only way to give any meaning to the language of the Agreed Entry that states that "$25,888.32 is a non-dischargeable debt" is to construe it to mean that that is the portion of the obligation that survived bankruptcy and that the rest was discharged. It would have been quite easy for the parties to have said simply that "all debts arising out of the CRA are non-dischargeable" and to file that agreement with the Court to resolve their adversary proceeding. Instead, they specified an amount.

The additional language of the Agreed Entry, which states that "the Conditional Release Agreement, attached hereto, shall be deemed a valid and enforceable agreement in all respects" should be construed to mean "except as modified by this Agreed Entry". The words and conduct of the parties, interpreted in light of all circumstances, and the principal purpose, lead to the conclusion that they intended to come out of bankruptcy with the same sort of arrangement as before. *See*, Restatement of Contracts § 202(1). Luebbehusen was to make payments, the release was to be conditioned on those payments, and if the Debtor defaulted, certain consequences were to arise. If the creditor wanted to restrict the Debtor's statutory right to a discharge more severely, that

restriction should have been much more explicitly stated.

Accordingly, the Court finds that the sum of $25,888.32, plus interest, according to the CRA, plus attorney's fees, paralegal fees, and litigation costs incurred since the date of the Order approving the Agreed Entry, less any payments made by the Debtor, are due and owing to the Plaintiff, Betty A. Hopf.

**IT IS SO ORDERED**.

###

Distribution:

**Keith A. Sermersheim**
**Abigail D. Brown-Cox**
Rudolph, Fine, Porter & Johnson, LLP
221 N.W. 5th Street
Evansville, IN 47708

**Andrew Dennis Thomas**
2906 First Ave
Evansville, IN 47710

**U.S. Trustee**
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204